GEORGE FORD et al., Appellants, v PHILIP SIVILLI et al., Defendants, and MICHAEL GREGORY et al., Respondents. [770 NYS2d 414]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated March 17, 2003, which granted the motion of the defendants Michael Gregory and Michael A. Angelone to dismiss the complaint insofar as asserted against

them pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

During the course of negotiations in July 2002 to sell their house in Oceanside to the plaintiffs, the defendant owners Philip Sivilli and Antoinette Sivilli (hereinafter the owners) hired the defendant Michael Gregory to expedite their application for a certificate of occupancy for extensions to their house. The owners had built the extensions approximately 40 years earlier. Gregory hired the defendant Michael A. Angelone, an architect, to prepare architectural drawings. In August 2002 the drawings were submitted to the Town of Hempstead with a letter signed by both Gregory and Angelone, stating that the extensions were built by the owners "approximately 40 years ago," the drawings were based upon visual inspection of the finished structures with "non-destructive testing," and the owners "provided some insight into the dimensions of some questionable hidden members."

On September 4, 2002, the plaintiffs and the owners entered into a contract of sale which required the owners to provide the plaintiffs with a certificate of occupancy or certificate of zoning compliance at the closing. Thereafter, on October 8, 2002, the Town issued a certificate stating that its Department of Buildings had inspected the structures and found them "to be substantially in compliance with the provisions of the Town of Hempstead Buildings Zone Ordinance." Shortly after the plaintiffs took title to the property, a roof on the extensions collapsed and the plaintiffs commenced this action to recover damages for fraud and negligent misrepresentation alleging, inter alia, that Gregory and Angelone submitted false plans to the Town and either knew of their falsity or should have known of their falsity "had they performed their duties honestly and with due care."

The elements of a cause of action sounding in negligent misrepresentation include: (1) an awareness by the maker that the statement is to be used for a particular purpose, (2) reliance by a known party on the statement in furtherance of that purpose, and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance (*see Securities Inv. Protection Corp. v BDO Seidman,* 95 NY2d 702, 711 [2001]; *Parrott v Coopers & Lybrand,* 95 NY2d 479, 484 [2000]; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 384 ). At best, the plaintiffs were part of an "indeterminate class of persons who, presently or in the future" may rely upon Gregory and

Angelone's alleged misrepresentations, which are not the equivalent of known parties (*Marcellus Constr. Co. v Village of Broadalbin,* 302 AD2d 640, 641 [2003] [internal quotation marks omitted]; *see Westpac Banking Corp. v Deschamps,* 66 NY2d 16, 19 [1985]; *Metral v Horn,* 213 AD2d 524, 526 [1995]).

The plaintiffs' cause of action sounding in fraud required "a particularized factual assertion which supports the inference of scienter" (*Houbigant Inc. v Deloitte & Touche,* 303 AD2d 92, 98 [2003]). An allegation that repeats an assertion of negligence and adds a general claim of reckless disregard of the facts or actual knowledge is insufficient to plead scienter (*see Credit Alliance Corp. v Arthur Andersen & Co.,* 65 NY2d 536, 554 [1985]). The plaintiffs' allegations that "the defects in the structure were known" to Gregory and Angelone or "should have been known" by them "had they performed their duties honestly and with due care" were insufficient to state a cause of action sounding in fraud. Further, the documentary evidence established that Gregory and Angelone relied upon information provided by the owners and disclosed their reliance. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.