■ GUERRA PRESS, INC., et al., Appellants, v CAMPBELL & PARLATO, LLP, et al., Respondents. [794 NYS2d 189]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered August 5, 2004 in a legal malpractice action. The order and judgment granted respondents' motion to dismiss the amended complaint as time-barred.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order and judgment granting the motion of defendants to dismiss the amended complaint in this legal malpractice action on the ground that

the action is barred by the statute of limitations. Plaintiffs contend that the statute of limitations was tolled as a result of the continuous representation doctrine. We reject that contention.

It is undisputed that the advice that plaintiffs received from defendants was given prior to the closing on the sale of the assets of plaintiff Guerra Press, Inc. to Twenty-First Century Press, Inc. (Twenty-First) in December 1998. Defendants advised plaintiffs that, in the event that Twenty-First defaulted on a promissory note, plaintiffs "would retain the legal right to, and could[,] reenter the printing and mailing business and solicit plaintiffs' former customers."

In March 2001 plaintiffs received notice that Twenty-First was in default of its obligations on a loan made by former Marine Midland Bank (HSBC) to finance the transaction and that Twenty-First was to cease making payments to plaintiffs until it cured its default to HSBC. Plaintiffs contacted defendants, who, after consulting with another attorney, concluded that their earlier advice had been wrong and that plaintiffs could not reenter the business and solicit former customers. This action followed.

An action to recover damages arising from an attorney's malpractice must be commenced within three years from accrual (see CPLR 214 [6]). The malpractice claim accrues "when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994]). Typically, this time is measured from the day the actionable injury occurs, "even if the aggrieved party is then ignorant of the wrong or injury" (id.). " 'What is important is when the malpractice was committed, not when the client discovered it' " (Shumsky v Eisenstein, 96 NY2d 164, 166 [2001], quoting Glamm v Allen, 57 NY2d 87, 95 [1982]).

In McCoy v Feinman (99 NY2d 295, 306 [2002]), the Court of Appeals held that the continuous representation doctrine tolls the statute of limitations "only where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim." For the continuous representation doctrine to apply, " 'there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney" (Kanter v Pieri, 11 AD3d 912, 913 [2004], quoting Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 506 [1990]). "Critically, it must be established that there is 'continuing trust and confidence in the relationship between the parties' " (id.).

Here, defendants established their entitlement to summary judgment and plaintiffs failed to present any evidence in admissible form raising an issue of fact. Plaintiffs submitted no evidence that defendants performed continuing legal services in 1999 or 2000 (*cf. N&S Supply v Simmons*, 305 AD2d 648, 650 [2003]). Thus, plaintiffs have not submitted any "evidentiary facts establishing that their cause of action falls within an exception to the statute of limitations, or [raised] an issue of fact as to whether such an exception applies" (*Gravel v Cicola*, 297 AD2d 620, 621 [2002]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.