■ In the Matter of the Estate of OSCAR MERKER, Deceased. NORMA MERKER, Appellant; ROBERT J. RUBENSTEIN, Respondent. [795 NYS2d 215]—

Decree, Surrogate's Court, Bronx County (Lee L. Holzman, S.), entered June 2, 2004, which granted respondent's cross motion for summary judgment dismissing this proceeding and denied petitioner's motion for an order directing respondent to pay her $104,000 with interest, unanimously affirmed, with costs.

Petitioner executrix's claims, whether seeking a refund for legal fees paid to respondent as attorney for the estate (SCPA 2110 [3]) or damages for legal malpractice, were time-barred (CPLR 214 [2], [6]). Respondent made a prima facie showing that the statute of limitations expired approximately 13 years prior to the initiation of this proceeding, and petitioner failed to meet her burden of making an evidentiary showing that the case fell within the exception of the continuous representation doctrine (*CLP Leasing Co., LP v Nessen*, 12 AD3d 226 [2004]). There were no "clear indicia of an ongoing, continuous, developing and dependent relationship between the client and the at-

torney" (*Muller v Sturman*, 79 AD2d 482, 485 [1981]) or "a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306 [2002]). Instead, the documentary evidence revealed that in 1988 petitioner had considered the estate closed, made the final payment of legal fees and then retained new counsel (*Piliero v Adler & Stavros*, 282 AD2d 511 [2001]; *see also Santulli v Englert, Reilly & Mc-Hugh*, 78 NY2d 700, 709 [1992]).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Saxe, J.P., Marlow, Sullivan, Williams and Gonzalez, JJ.