GALINA KRICHMAR, Appellant, v ANTHONY Z. SCHER et al., Respondents. [919 NYS2d 378]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order

are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To dismiss an action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant must satisfy the threshold burden of demonstrating, prima facie, that the time within which to sue has expired, and once that showing has been made, the burden shifts to the opponent to establish that the statute of limitations has been tolled or that he or she actually commenced the action within the applicable limitations period (*see Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734 [2008]; *Savarese v Shatz*, 273 AD2d 219, 220 [2000]). Here, the defendants sustained their initial burden on the motion by demonstrating that the applicable limitations period had expired with respect to all of the alleged acts of legal malpractice (*see* CPLR 214 [6]). In response, the plaintiff failed to present evidence establishing either that she commenced the action within the applicable three-year limitations period, or that the continuous representation toll applied in this case, since all of the documentary evidence in the record supports the conclusion that the legal representation had ended more than three years before this action was commenced, and there was no mutual understanding of a need for ongoing legal representation in the underlying matter (*see Zorn v Gilbert*, 8 NY3d 933, 934 [2007]; *McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *Hasty Hills Stables, Inc. v Dorfman, Lynch, Knoebel & Conway, LLP*, 52 AD3d 566, 567 [2008]; *Melendez v Bernstein*, 29 AD3d 872, 873 [2006]; *Guerra Press, Inc. v Campbell & Parlato, LLP*, 17 AD3d 1031, 1032 [2005]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.