■ INNA FLEYSHMAN, Respondent, v SUCKLE & SCHLESINGER, PLLC, et al., Appellants. [937 NYS2d 92]—

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint are granted.

The defendants Howard Suckle, Glenn Schlesinger, and John Leifert, and the defendant law firms, Suckle & Schlesinger, PLLC, and Suckle Schlesinger & Leifert, PLLC, represented the plaintiff's mother, individually and as mother and natural guardian of the plaintiff herein, in a personal injury action against the City of New York arising from injuries allegedly sustained by the plaintiff on December 20, 2002 (hereinafter the underlying action). In August 2006, the plaintiff discharged the defendants by a "Consent to Change Attorney" form. Subsequently, in May 2010, the Supreme Court granted the City's motion for summary judgment dismissing the complaint in the underlying action and any cross claims on the ground that the City was not a proper party to the action. The plaintiff commenced this action against the defendants in May 2010, alleging legal malpractice and a violation of Judiciary Law § 487. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint, and the Supreme Court denied those branches of the motion.

The Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action, alleging legal malpractice, as time-barred. The defendants sustained their initial burden by demonstrating, prima facie, that the alleged legal malpractice occurred more than three years before this action was commenced in May 2010 (*see* CPLR 214 [6]; *Rupolo v Fish*, 87 AD3d 684, 685 [2011]; *Krichmar v Scher*, 82 AD3d 1164, 1165 [2011]). In response, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation. All of the documentary evidence demonstrated that the relationship necessary to invoke the continuous representation doctrine terminated in August 2006, and the plaintiff's submissions did not indicate that her trust and confidence in the defendants continued, or was restored, after that date (*see Rupolo v Fish*, 87 AD3d 684 [2011]; *Krichmar v Scher*, 82 AD3d at 1165; *Marro v Handwerker, Marchelos & Gayner*, 1 AD3d 488 [2003]; *Piliero v Adler & Stavros*, 282 AD2d 511, 512 [2001]; *Aaron v Roemer, Wallens & Mineaux*, 272 AD2d 752, 754-755 [2000]).

Moreover, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged

a violation of Judiciary Law § 487. Even as amplified by the plaintiff's affidavit, and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the complaint failed to allege that the defendants acted "with intent to deceive the court or any party" (Judiciary Law § 487 [1]; *see Jaroslawicz v Cohen*, 12 AD3d 160, 160-161 [2004]). Further, the plaintiff's allegation that the defendants "willfully delayed [her] recovery with a view to their own ends and benefit" is a bare legal conclusion, "which is not entitled to the presumption of truth normally afforded to the allegations of a complaint" (*Rozen v Russ & Russ, P.C.*, 76 AD3d 965, 969 [2010]; *see* Judiciary Law § 487 [2]).

Accordingly, the Supreme Court erred in denying those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint.

The defendants' remaining contentions have been rendered academic in light of our determination. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.