■ FRANK PACE III, as Executor of FRANK PACE, JR., Deceased Respondent, v RAISMAN & ASSOCIATES, ESQS., LLP, et al., Appellants, et al., Defendants. [945 NYS2d 118]—

In an action, inter alia, to recover damages for legal malpractice and fraud, etc., the defendants Raisman & Associates, Esqs., LLP, and Myron Raisman appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), entered May 18, 2011, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first cause of action, and pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the fourth cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Raisman & Associates, Esqs., LLP, and Myron Raisman which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first cause of action and pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the fourth cause of action are granted.

In 2001 the plaintiff's decedent sought to amend a trust that he had created in 1998. He approached his attorney, the defendant Myron Raisman, of the defendant Raisman & Associates, Esqs., LLP (hereinafter together the law firm defendants), who had previously provided the decedent with legal advice pertaining to the planning of his estate. The law firm defendants prepared an amendment to the trust to purportedly allow the decedent to convey his assets during his life to the trust in order to avoid the payment of estate taxes with respect to these assets at the time of his death. The decedent's intention in amending his trust was to leave him, as grantor, with limited power over the assets that he conveyed to the trust so that those assets would not be included in his estate at the time of his death for tax purposes.

Between the time that the trust was amended on January 9, 2001, and the decedent's death on October 7, 2005, the decedent conveyed numerous assets and gifts to the trust.

In January 2007 the law firm defendants, along with the related accounting firm of Raisman Magen and Zicht Associates, C.P.A.s, P.C. (hereinafter the accounting firm), prepared the tax returns for the decedent's estate. In November 2009 the Internal Revenue Service (hereinafter the IRS) conducted an audit of the estate's tax return. The audit uncovered deficiencies in the estate's tax return, which ultimately led to the assessment of additional taxes, interest, and penalties upon the

estate. The IRS determined that the value of the estate included those assets and gifts which the decedent had transferred to the trust subsequent to its amendment in January 2001 because the trust's amendment, drafted as an "intentionally defective grantor trust," provided the decedent with too much authority to borrow the corpus or income from the trust without adequate consideration.

The plaintiff, who is the decedent's son and executor of the decedent's estate, commenced this action in January 2010 against the law firm defendants and the accounting firm to, inter alia, recover damages for legal malpractice against the law firm defendants in the drafting of the trust (first cause of action) and for fraud against the law firm defendants in allegedly falsely representing that the decedent could transfer assets to the trust for less than fair consideration without those assets being included as part of the decedent's estate at the time of his death (fourth cause of action).

The complaint alleged that the decedent routinely and continuously retained the defendants for estate planning and related services because he wanted to plan his estate in a manner that maximized his children's inheritance and that, in the course of the representation, the defendants advised the decedent to create the trust. The plaintiff alleged that the law firm defendants committed legal malpractice in drafting the amendment to the trust since it subjected the assets transferred thereto to estate tax. The plaintiff also alleged that the law firm defendants knowingly made false representations to the decedent, commencing on January 9, 2001, to the effect that the assets conveyed to the trust were outside of the decedent's estate for estate tax purposes. The plaintiff asserted that the decedent did not know, although the law firm defendants did, that the decedent's conveyances to the trust would be included in part of the estate for tax purposes.

The law firm defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first cause of action, which alleged legal malpractice against them, and pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the fourth cause of action, which alleged fraud against them. The Supreme Court, among other things, denied those branches of the motion. The law firm defendants appeal, and we reverse the order insofar as appealed from.

With respect to that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action, the law firm defendants had "the threshold burden of demonstrating . . . that the time within which to sue has expired" (*Krich-*

*mar v Scher*, 82 AD3d 1164, 1165 [2011]; *see Fleyshman v Suckle & Schlesinger, PLLC*, 91 AD3d 591, 593 [2012], *lv denied* 19 NY3d 801 [2012]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 90 AD3d 821, 822 [2011]). The law firm defendants satisfied this threshold burden by showing that the trust amendment was executed in January 2001, that the last conveyance to the trust was made no later than the date of the decedent's death in October 2005, which was more than three years prior to the commencement of the action, and that the applicable statute of limitations for a legal malpractice claim pursuant to CPLR 214 (6) is three years from the date that the cause of action accrued (*see McCoy v Feinman*, 99 NY2d 295, 301 [2002]).

The burden then shifted to the plaintiff to "establish that the statute of limitations has been tolled or that he . . . actually commenced the action within the applicable limitations period" (*Krichmar v Scher*, 82 AD3d at 1165; *see Fleyshman v Suckle & Schlesinger, PLLC*, 91 AD3d at 593; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 90 AD3d at 822). The plaintiff failed to do so. Contrary to the plaintiff's contention, the statute of limitations was not tolled by the doctrine of continuous representation where the decedent, the original client, died, severing the attorney-client relationship (*see Velasquez v Katz*, 42 AD3d 566, 567 [2007]), and the law firm defendants' representation of the decedent's estate in connection with legal advice as to the estate's tax liability, given subsequent to the decedent's death, was separate and distinct from the alleged negligent creation of the trust, which is the act underlying the legal malpractice cause of action (*see Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]). Further, contrary to the plaintiff's contention, the legal malpractice cause of action did not accrue at the time that the IRS conducted its audit in 2009. Therefore, the legal malpractice cause of action was not interposed within the applicable limitations period (*see McCoy v Feinman*, 99 NY2d at 301; *Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]).

Accordingly, the Supreme Court improperly denied that branch of the law firm defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first cause of action.

To properly plead a cause of action to recover damages for fraud, the plaintiff must allege that (1) the defendant made a false representation of fact, (2) the defendant had knowledge of the falsity, (3) the misrepresentation was made in order to induce the plaintiff's reliance, (4) there was justifiable reliance on the part of the plaintiff, and (5) the plaintiff was injured by

the reliance (see *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553 [2009]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]; *Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d 1077 [2011]; *Cerabono v Price*, 7 AD3d 479 [2004]). A cause of action alleging fraud must be pleaded with the requisite particularity pursuant to CPLR 3016 (b). "[T]he purpose underlying [CPLR 3016 (b)] is to inform a defendant of the complained-of incidents" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559). While there is no requirement that there be "unassailable proof at the pleading stage," the basic facts constituting the fraud must be set forth (*id.* [internal quotation marks omitted]). "CPLR 3016 (b) is satisfied when the facts suffice to permit a reasonable inference of the alleged misconduct" (*id.* [internal quotation marks omitted]).

Here, the plaintiff's allegations with respect to the fourth cause of action were merely a recitation of the legal malpractice cause of action, plus the conclusory allegation that the law firm defendants knowingly made false representations to the decedent with respect to the decedent's ability to make conveyances to the trust without concern for tax implications at the time of his death (see *Ford v Sivilli*, 2 AD3d 773, 775 [2003]; *Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]). As such, the plaintiff failed to plead the fourth cause of action with particularity. In any event, the fourth cause of action was duplicative of the legal malpractice claim, warranting its dismissal on that ground as well (see *Kvetnaya v Tylo*, 49 AD3d 608, 609 [2008]; *Iannucci v Kucker & Bruh, LLP*, 42 AD3d 436, 437 [2007]). Accordingly, the Supreme Court should have granted that branch of the law firm defendants' motion which was to dismiss the fourth cause of action (see *Ford v Sivilli*, 2 AD3d at 775; *Cohen v Houseconnect Realty Corp.*, 289 AD2d at 278).

The law firm defendants' remaining contention is without merit. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.