■ DEBEVOISE & PLIMPTON LLP, Respondent-Appellant, v CANDLEWOOD TIMBER GROUP LLC et al., Appellants-Respondents. [959 NYS2d 43]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 25, 2011, which, to the extent appealed from, granted plaintiff's motion for summary judgment dismissing defendants' legal malpractice counterclaim, and denied defendants' cross motion for summary judgment dismissing plaintiff's statute of limitations defense, unanimously affirmed, without costs. Orders, same court and Justice, entered November 16, 2011, which, insofar as appealed from as limited by the briefs,

denied defendants' motion to compel plaintiff to produce nonparty Dietmar Prager for a deposition and nonparties Donald Donovan, Catherine Amirfar, and Dennis Hranitzky for additional depositions, denied defendants' third motion to compel discovery, and granted plaintiff's motion to strike defendants' fourth set of interrogatories and fifth notice for production of documents, unanimously affirmed, without costs. Order, same court and Justice, entered November 16, 2011, which denied defendants' motion to vacate plaintiff's note of issue and strike its certificate of readiness, unanimously modified, on the facts and in the exercise of discretion, to permit defendants to file a late jury demand pursuant to CPLR 4102 (e), and otherwise affirmed, without costs. Order, same court and Justice, entered November 17, 2011, which denied plaintiff's second summary judgment motion, unanimously affirmed, without costs.

The court properly found that defendants' legal malpractice counterclaim was time-barred to the extent defendants seek monetary damages (*see* CPLR 214 [6]). The most recent allegation of negligence occurred in May 2006—more than three years before this action was commenced in November 2009—and defendants failed to show that the continuous representation doctrine applies. "There were no clear indicia of an ongoing, continuous, developing and dependent relationship between the client and the attorney" (*Matter of Merker*, 18 AD3d 332, 332-333 [1st Dept 2005] [internal quotation marks omitted]), nor was there "a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306 [2002]). Defendants did not submit affidavits showing "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). As both sides agree, defendants' malpractice counterclaim is not time-barred insofar as defendants seek to set off their malpractice damages against any recovery plaintiff might obtain (*see* CPLR 203 [d]).

Plaintiff is correct that its second summary judgment motion was not duplicative of its first: Its first motion dealt only with the statute of limitations, whereas its second dealt with the merits of defendants' malpractice counterclaim. However, "[a]s a general rule, parties will not be permitted to make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment" (*NYP Holdings, Inc. v McClier Corp.*, 83 AD3d 426, 427 [1st Dept 2011] [internal quotation marks and brackets omitted]). Plaintiff has not demonstrated that any of the exceptions to this rule apply (*see e.g. Jones v 636 Holding Corp.*, 73 AD3d 409 [1st

Dept 2010]; *Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [1st Dept 2002]).

The denial of defendants' motion to strike plaintiff's note of issue was not an improvident exercise of the motion court's broad discretion. The court ruled appropriately in denying defendants' second and third motions to compel and granting plaintiff's motion for a protective order (*see generally Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223 [1st Dept 2003]). This is not a case where "the trial court . . . force[d] the parties to trial without first providing them with a reasonable opportunity for the completion of discovery" (*Lipson v Dime Sav. Bank of N.Y.*, 203 AD2d 161, 163 [1st Dept 1994]).

However, defendant has presented grounds for being permitted to file a belated jury demand. While CPLR 4102 (a) requires a defendant properly served with a plaintiff's note of issue to demand a jury trial within 15 days, subdivision (e) authorizes the court to "relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." Plaintiff submitted no evidence that any undue prejudice would result; its assertion on appeal that a jury trial could cause delay, which would apply to every application of CPLR 4102 (e), does not state undue prejudice. Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.