# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**631**

**CA 12-02238**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DANIEL ELSTEIN, HILTON ENTERPRISES, INC.,
AND TRASON HILTON, LLC, PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

PHILLIPS LYTLE, LLP, ALBERT M. MERCURY,
DEFENDANTS-RESPONDENTS,
AND ALFRED D. SPAZIANO, DEFENDANT.

---

DAVIDSON FINK, LLP, ROCHESTER (DAVID L. RASMUSSEN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

CONNORS & VILARDO, LLP, BUFFALO (LAWRENCE J. VILARDO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 5, 2012. The order granted the motion of defendants Phillips Lytle, LLP, and Albert M. Mercury and dismissed the complaint against those defendants.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this legal malpractice action, plaintiffs appeal from an order granting the motion of Phillips Lytle, LLP and Albert M. Mercury (defendants) seeking dismissal of the complaint against them as time-barred. Plaintiffs contend that Supreme Court erred in determining the accrual date of their action, for legal malpractice. We reject that contention. " 'A cause of action for legal malpractice accrues when the malpractice is committed' " (*Amendola v Kendzia*, 17 AD3d 1105, 1108; *see Glamm v Allen*, 57 NY2d 87, 93). "In most cases, this accrual time is measured from the day an actionable injury occurs, 'even if the aggrieved party is then ignorant of the wrong or injury' " (*McCoy v Feinman*, 99 NY2d 295, 301, quoting *Ackerman v Price Waterhouse*, 84 NY2d 535, 541). " 'What is important is when the malpractice was committed, not when the client discovered it' " (*id.*, quoting *Shumsky v Eisenstein*, 96 NY2d 164, 166). Here, the alleged malpractice occurred no later than 2003, when plaintiff Daniel Elstein completed his acquisition of plaintiff Hilton Enterprises, Inc. (Hilton) from defendant Alfred D. Spaziano. Indeed, there is no indication in the record that defendants represented plaintiffs after that date. This action was not commenced until approximately eight years later, on March 4, 2011, and is thus time-barred under the applicable three-year statute of limitations (*see* CPLR 214 [6]).

We reject plaintiffs' contention that they were unable to sue defendants for malpractice until March 7, 2008, when the judgment was entered against Hilton, inasmuch as that is when they sustained an actionable injury.  As the Court of Appeals has made clear, a malpractice claim becomes actionable when the plaintiff's damages become "sufficiently calculable" (*McCoy*, 99 NY2d at 305; *see Ackerman*, 84 NY2d at 541-542), and, here, plaintiffs' damages arising from the alleged legal malpractice were sufficiently calculable in January 2007, when plaintiffs learned of the alleged malpractice, if not sooner.

Entered:  July 5, 2013                         Frances E. Cafarell
                                               Clerk of the Court