# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

484

CA 13-00391

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

PETER A. PRIOLA, III, PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

ATTORNEY SHEILA FALLON, MEGAN FALLON AND
FALLON, FALLON & BIGSBY, LLP,
DEFENDANTS-RESPONDENTS.

---

MORGAN LAW FIRM, P.C., SYRACUSE (WILLIAM R. MORGAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (PAUL G. FERRARA OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered October 29, 2012.  The order granted the
motion of defendants for summary judgment dismissing the amended
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this legal malpractice action, plaintiff appeals
from an order granting defendants' motion for summary judgment
dismissing the amended complaint on the ground that, inter alia, the
action was time-barred.  Plaintiff contends that Supreme Court erred
in granting the motion because the statute of limitations was tolled
by the continuous representation doctrine.  We reject that contention.
"A cause of action for legal malpractice accrues when the malpractice
is committed" (*Elstein v Phillips Lytle, LLP*, 108 AD3d 1073, 1073
[internal quotation marks omitted]).  Here, defendants established
that any malpractice occurred, at the latest, in 2003 and thus made a
prima facie showing that the action was time-barred (*see International
Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C.*, 71
AD3d 1512, 1512).  "The burden then shifted to plaintiff[] to raise a
triable issue of fact whether the statute of limitations was tolled by
the continuous representation doctrine" (*id.; see Macaluso v Del Col*,
95 AD3d 959, 960), and plaintiff failed to meet that burden inasmuch
as he failed to present the requisite " 'clear indicia of an ongoing,
continuous, developing, and dependent relationship between the client
and the attorney' " to toll the statute of limitations (*Kanter v
Pieri*, 11 AD3d 912, 913*; see Guerra Press, Inc. v Campbell & Parlato,
LLP*, 17 AD3d 1031, 1032-1033).  In light of our determination, we do

not address plaintiff's remaining contentions.

Entered:  May 2, 2014                              Frances E. Cafarell
                                                   Clerk of the Court