■ KAREN MEREDITH, Appellant, v SIBEN & SIBEN, LLP, Respondent. [13 NYS3d 520]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 2, 2013, which granted that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

Initially, contrary to the plaintiff's contention, the defendant did not waive its statute of limitations defense, asserted in its answer, by failing to make a pre-answer motion to dismiss (*see Rich v Lefkovits*, 56 NY2d 276 [1982]). Rather, a statute of limitations defense may be asserted after joinder of issue in a motion for summary judgment pursuant to CPLR 3212 (*see Rich v Lefkovits*, 56 NY2d at 282). Although the defendant's motion was made pursuant to CPLR 3211 (a) (5), the parties clearly charted a summary judgment course by submitting extensive documentary evidence and factual affidavits laying bare their proof (*see One Monroe, LLC v City of New York*, 89 AD3d 812, 813 [2011]; *Tendler v Bais Knesses of New Hempstead, Inc.*, 52 AD3d 500, 502 [2008]; *Harris v Hallberg*, 36 AD3d 857, 858-859 [2007]; *O'Dette v Guzzardi*, 204 AD2d 291, 292 [1994]; *see also Schultz v Estate of Sloan*, 20 AD3d 520 [2005]; *Kavoukian v Kaletta*, 294 AD2d 646, 646-647 [2002]). Thus, the defendant's motion is properly treated as a motion for summary judgment dismissing the complaint as time-barred.

Further, the Supreme Court properly concluded that the

plaintiff's legal malpractice cause of action is time-barred. The defendant met its prima facie burden of demonstrating that the action was commenced more than three years after the alleged malpractice occurred (*see Farage v Ehrenberg*, 124 AD3d 159, 164 [2014]; *Fleyshman v Suckle & Schlesinger, PLLC*, 91 AD3d 591, 592 [2012]; *Rupolo v Fish*, 87 AD3d 684, 685 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled by continuous representation (*see Farage v Ehrenberg*, 124 AD3d at 165; *Fleyshman v Suckle & Schlesinger, PLLC*, 91 AD3d at 592). In that respect, the evidence demonstrated that after the plaintiff and her husband retained the defendant law firm to represent them in a personal injury action, the defendant law firm retained the law firm of Bauman & Kunkis, P.C. (hereinafter Bauman & Kunkis), to represent the plaintiff and her husband in that action, and thereafter had no contact with the plaintiff. All of the work on the case, from filing the pleadings to selecting a jury, was performed by Bauman & Kunkis. Before the case could be tried, it was dismissed based on willful default, and Bauman & Kunkis was substituted with a different law firm, which sought to restore the action. Even if the arrangement between the defendant and Bauman & Kunkis could be equated with joint representation, under the circumstances of this case, the defendant's representation of the plaintiff would have terminated as of December 1, 2006, the date on which Bauman & Kunkis was substituted. Accordingly, the present legal malpractice cause of action, commenced on or about April 9, 2012, was untimely.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.