# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**83**

**CA 15-00450**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

KHALID S. MAHRAN AND KIDNEY CARE, P.C.,
PLAINTIFFS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

MICHAEL B. BERGER, ESQ., DEFENDANT-RESPONDENT.

---

LAW OFFICE OF STEPHEN F. SZYMONIAK, WILLIAMSVILLE (STEPHEN F. SZYMONIAK OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (CHARLES C. SWANEKAMP OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered October 29, 2014. The order and judgment granted the motion of defendant for summary judgment, denied the cross motion of plaintiffs for partial summary judgment and dismissed the complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum:  In late 2004, plaintiff Khalid S. Mahran (Mahran) offered a doctor, who was completing her residency, an opportunity to join his medical practice, plaintiff Kidney Care, P.C.  The doctor, a noncitizen of the United States, subsequently entered into a retainer agreement with defendant for the purpose of obtaining legal assistance in acquiring certain immigration documents that would permit her to practice medicine in the United States.  Defendant, among other things, filed an application for the immigration documents, stating that he represented the doctor as the prospective employee and plaintiffs as the sponsoring employer.  The application was approved on November 7, 2005.  At some point, a dispute arose between Mahran and the doctor over the terms of their employment agreement.  When the dispute arose, the doctor's employment with plaintiffs was jeopardized and, consequently, so was her immigration status.  Defendant ultimately obtained government approval allowing the doctor to secure employment at a hospital in another state.  Plaintiffs commenced this action on November 26, 2008, alleging that defendant committed legal malpractice and breach of contract.  We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Initially, contrary to plaintiffs' contention, we conclude that

"the court properly granted defendant's motion with respect to the second cause of action, for breach of contract, because it was duplicative of the malpractice cause of action" (*Rich Prods. Corp. v Kenyon & Kenyon, LLP*, 128 AD3d 1532, 1534).

With respect to the cause of action for legal malpractice, we further conclude that the court properly granted that part of the motion seeking summary judgment dismissing it on the ground that it was time-barred. "A cause of action for legal malpractice accrues when the malpractice is committed" (*Priola v Fallon*, 117 AD3d 1489, 1489 [internal quotation marks omitted]), and must be interposed within three years thereafter (*see* CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d 295, 301). Even assuming, arguendo, that there is no question of fact with respect to the existence of an attorney-client relationship between defendant and plaintiffs, we conclude that defendant established that any malpractice occurred, at the latest, on November 7, 2005, when his representation of plaintiffs ceased upon his successful completion of the specific task for which he was initially retained, i.e., acquiring the immigration documents necessary for the doctor to commence employment with plaintiffs (*see Priola*, 117 AD3d at 1489; *International Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C.*, 71 AD3d 1512, 1512). Defendant thus met his initial burden of establishing that this action, commenced on November 26, 2008, was time-barred (*see International Electron Devices [USA] LLC*, 71 AD3d at 1512).

"The burden then shifted to plaintiffs to raise a triable issue of fact whether the statute of limitations was tolled by the continuous representation doctrine" (*id.*), and plaintiffs "failed to meet that burden inasmuch as [they] failed to present the requisite clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney to toll the statute of limitations" (*Priola*, 117 AD3d at 1490 [internal quotation marks omitted]). The continuous representation doctrine does not apply here inasmuch as there was no continuity of services provided by defendant to plaintiffs in conjunction with the application for the doctor's immigration documents, and no mutual understanding that plaintiffs required further legal work in that regard (*see M.G. McLaren, P.C. v Massand Eng'g, L.S., P.C.*, 51 AD3d 878, 878). Indeed, despite Mahran's assertions, his unilateral belief that defendant continued to represent plaintiffs after the immigration application process was completed is insufficient to establish the existence of a continuing relationship (*see Chinello v Nixon, Hargrave, Devans & Doyle, LLP*, 15 AD3d 894, 895). Although the completion of that process provided the prerequisite conditions for the doctor's employment, the dispute that arose between Mahran and the doctor with respect to the employment agreement constituted a separate contractual matter concerning those parties only, and we conclude that any evidence of subsequent contact between defendant and Mahran with respect to that dispute is not indicative of a continuing attorney-client relationship, and thus is insufficient to raise an issue of fact (*see M.G. McLaren, P.C.*, 51 AD3d at 878). To the extent that plaintiffs contend that the statute of limitations should be tolled during the period of defendant's continuing representation of the doctor, that contention is without

merit (*see Glamm v Allen*, 57 NY2d 87, 94; *TVGA Eng'g, Surveying, P.C. v Gallick* [appeal No. 2], 45 AD3d 1252, 1257). We thus conclude that, "[i]nasmuch as the attorney-client relationship between plaintiff[s] and [defendant] ended more than three years before the action was commenced, the cause of action for legal malpractice was untimely" (*TVGA Eng'g, Surveying, P.C.*, 45 AD3d at 1257).

Entered:  March 25, 2016                                    Frances E. Cafarell
                                                           Clerk of the Court