■ ISLAMIC MISSION OF AMERICA, INC., et al., Respondents, v MUKBIL OMAR ALI et al., Appellants. [58 NYS3d 519]—

In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from an order of the Supreme Court, Kings County (Graham, J.), dated June 14, 2016, which, after a hearing, among other things, permanently enjoined the defendants from any activity related to the purchase, sale, or management of certain interment spaces at Forest Green Park Cemetery in New Jersey and declared the subject interment spaces to be the property of the plaintiff Islamic Mission of America, Inc.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, including the entry of a judgment, inter alia, declaring that the plaintiff, Islamic Mission of America, Inc., is the owner of the subject interment spaces at Forest Green Park Cemetery in New Jersey.

The plaintiffs, Islamic Mission of America, Inc. (hereinafter Islamic Mission), a not-for-profit religious organization registered in the State of New York, and Ahmed Mogalli Aldadaee, commenced this action in May 2015, against the defendants in connection with a dispute regarding the ownership and control of hundreds of interment spaces (burial plots) in Forest Green Park Cemetery (hereinafter Forest Green), a New Jersey cemetery. The plots were purchased in three transactions by a loosely organized "burial association" that was formed to purchase graves for members of the New York City Yemeni Muslim community; only two members of the burial association remain, the plaintiff Alhadaee and the defendant Mukbil Omar Ali. Both Alhadaee and Ali were involved in the

administration of the burial plots, with Ali serving as the treasurer.

As is relevant to this appeal, the plaintiffs sought damages and declaratory and injunctive relief by the filing of a summons and complaint, together with an order to show cause, which included an application for a temporary restraining order (hereinafter TRO), contending that, in 2014, Ali had refused to provide information to Alhadaee and attempted, without notice to the plaintiffs, to transfer the burial plots to the defendant M&NN, Inc., an entity controlled by Ali and the two other individual defendants. Ali's actions resulted in Forest Green, in effect, "freezing" any action as to the plots.

On May 12, 2015, the Supreme Court, Kings County (King, J.), issued a TRO precluding the defendants from the unauthorized use of the name and likeness of Islamic Mission and barring them from seeking to sell or advertise for sale any of the remaining interment spaces or from having any contact with Forest Green for the purpose of selling or seeking to sell those interment spaces.

Thereafter, at a two-day hearing on the plaintiffs' order to show cause, held on October 14, 2015, and December 21, 2015, by the Supreme Court, Kings County (Graham, J.), the plaintiffs established that the money for the initial purchase of interment spaces was collected from approximately 106 members of the Yemeni Muslim community, primarily from donors affiliated with Islamic Mission; these spaces were then sold to individual families in the community needing burial plots, and the proceeds were used to purchase additional spaces. The first purchase agreement for 500 plots was executed by Alhadaee in 1993 as president of Islamic Center of East New York (hereinafter Islamic Center). Islamic Center was an unincorporated religious organization which the parties agree is no longer in existence. The second and third purchase agreements, for 500 and 200 plots, were made in 1999 and 2003, respectively, in the name of Islamic Mission.

In an order dated June 14, 2016, the Supreme Court credited the hearing testimony of Alhadaee and the chairman of the board of Islamic Mission. The court permanently enjoined the defendants from any activity related to the purchase, sale, or management of the interment spaces and declared the interment spaces to be the property of Islamic Mission. The defendants appeal.

Contrary to the defendants' assertions, their arguments in the Supreme Court demonstrate that they had notice and an opportunity to be heard on the issues decided by the court. The

defendants have failed to specify what additional discovery they sought or what witnesses they would have wanted to call in order for the court to reach a conclusion on the injunctive and declaratory relief sought. The defendants' arguments made during and after the hearing also demonstrate that they had "adequate notice to make basic strategic decisions during the hearing" (*Matter of Sheppard*, 129 AD3d 1127, 1129 [2015]; *see Meredith v Siben & Siben, LLP*, 130 AD3d 791, 791 [2015]; *One Monroe, LLC v City of New York*, 89 AD3d 812, 813 [2011]).

To be entitled to an injunction, a party must show that there was a violation of a right or threatened violation, that there is no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor (*see Xiaokang Xu v Xiaoling Shirley He*, 147 AD3d 1223, 1225 [2017]; *see also Caruso v Bumgarner*, 120 AD3d 1174, 1175 [2014]; *Elow v Svenningsen*, 58 AD3d 674, 675 [2009]). Here, the evidence showed that Alhadaee and Ali purchased the burial plots as de facto agents of Islamic Mission and that Ali had no right to transfer the plots at issue to M&NN, Inc., as he had attempted to do. A preponderance of the evidence and a balancing of the equities supports the Supreme Court's award of permanent injunctive relief to the plaintiffs.

The Supreme Court's declaration that Islamic Mission is the owner of the Forest Green interment spaces also is supported by the record (*see* CPLR 3001; *Lanza v Wagner*, 11 NY2d 317 [1962]).

The defendants' remaining contention is without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for further proceedings, including the entry of a judgment, inter alia, declaring that Islamic Mission is the owner of the subject Forest Green interment spaces (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.