Knobel v Wei Group, LLP (2018 NY Slip Op 02292)





Knobel v Wei Group, LLP


2018 NY Slip Op 02292


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5754 152752/15

[*1]Steven M. Knobel, et al., Plaintiffs-Appellants,
v
Wei Group, LLP, et al., Defendants-Respondents, Demba Wei, LLP, Defendant.


Shaw & Binder, P.C., New York (Daniel S. LoPresti of counsel), for appellants.
The Kritzer Law Group, Smithtown (Karl Zamurs of counsel), for
Wei Group, LLP and Eric S. Wei, respondents.
The Law Offices of James F. Valentino, P.C., New York (James F. Valentino of counsel), for Daniel S. Demba, respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 14, 2016, which, to the extent appealed from as limited by the briefs, dismissed the causes of action for legal malpractice and fraud, unanimously affirmed, without costs.
The motion court correctly dismissed, as a nullity, the claims of the corporate plaintiff, because the corporate plaintiff lacked representation by a licensed attorney when it brought the claims (see CPLR 321[a]; Jimenez v Brenillee Corp., 48 AD3d 351, 352 [1st Dept 2008]).
The motion court correctly dismissed the claims against defendant Wei Group, LLP, as personal service of process was not properly effectuated with respect to this limited liability partnership (see CPLR 310-a).
Plaintiffs failed to state a cause of action for fraud, as they never alleged that they paid the allegedly fraudulent bills and suffered injury as a result (see Small v Lorillard Tobacco Co., 94 NY2d 43, 57 [1999]).
The motion court correctly determined that the legal malpractice claim is barred by the three-year statute of limitations (see CPLR 214[6]). No triable issue of fact exists as to whether the doctrine of continuous representation tolled the statute of limitations. It is undisputed that on March 12, 2012, plantiff Steven M. Knobel sent defendant Eric Wei an email directing Wei "to cease all [ ] work" and that shortly thereafter, Knobel sent an email to the court indicating his desire to appear pro se. Contrary to plaintiffs' contention, there is no indication of "an ongoing, continuous, developing and dependent relationship between the client and the attorney" or a "mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" after March 12, 2012 (Matter of Merker, 18 AD3d 332, 332-333 [1st Dept 2005] [internal quotation marks omitted]).
Plaintiffs' argument that the billing invoices show that defendants continued to represent them up until and after March 19, 2012 is unpersuasive. The invoices in the record do not indicate that after March 12, 2012 defendants performed any substantive legal work or provided any legal advice on the matters which plaintiffs allege defendants committed malpractice (see Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]). Rather, the invoices show that plaintiffs were billed for work pertaining to communications with the court, client, and subsequent counsel, [*2]which did not toll the statute of limitations (see Rupolo v Fish, 87 AD3d 684, 685 [2d Dept 2011]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK