Davis v Cohen & Gresser, LLP (2018 NY Slip Op 02542)





Davis v Cohen & Gresser, LLP


2018 NY Slip Op 02542


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Friedman, J.P., Tom, Andrias, Gesmer, JJ.


5075 157930/14

[*1]Richard Davis, etc., Plaintiff-Appellant,
v
Cohen & Gresser, LLP, Defendant-Respondent.


Judd Burstein, P.C., New York (Judd Burstein of counsel), for appellant.
Joseph Hage Aaronson LLC, New York (Gregory P. Joseph of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered July 27, 2016, which dismissed the second amended complaint, and brings up for review an order, same court and Justice, entered March 25, 2016, which granted defendant's motion to dismiss, unanimously affirmed, without costs.
In this action, plaintiff Richard Davis contends that defendant committed legal malpractice by failing to name two key parties as defendants in a related action brought on behalf of the decedent C. Robert Allen, III (Allen v Devine, No. 09-cv-0668 [ED NY]) (the Devine action). The motion to dismiss was properly granted because the legal malpractice claim was untimely.
This case arises out of a fraud scheme perpetrated by nonparties Christopher Devine and Bruce Buzil against decedent and nonparty Excelsior Capital LLP, which is wholly owned by Davis. Decedent introduced Davis to Devine and Buzil, resulting in Davis also being defrauded. The scheme resulted in decedent lending more than $70 million to the fraudsters and Davis, through Excelsior, lending them $18 million. Davis, as a judgment creditor of decedent's estate, was permitted to commence and prosecute this action on behalf of the estate.
Defendant was retained by decedent to defend him in an action commenced by Excelsior, and to pursue claims in a federal action under the Racketeer Influenced and Corrupt Organizations Act (RICO) against Devine and Buzil. Defendant commenced that federal action in 2009; decedent died on March 9, 2011.
Following decedent's death, defendant was separately retained to represent decedent's son as a third-party defendant in the Devine action; to defend decedent's estate in two separate actions commenced by Excelsior; and to represent the estate in connection with a potential criminal investigation of Devine. The statute of limitations for a legal malpractice claim is three years (CPLR 214[6]; McCoy v Feinman, 99 NY2d 295, 301 [2002]). Here, the latest date on which the claim could have accrued is March 9, 2011, because that is when decedent died, thereby severing the attorney-client relationship between decedent and defendant (see Pace v Raisman & Assoc., Esqs., LLP, 95 AD3d 1185, 1188 [2d Dept 2012]; see also Velazquez v Katz, 42 AD3d 566, 567 [2d Dept 2007]). March 9, 2011 is more than three years prior to the commencement of this action on August 12, 2014.
In opposing defendant's prima facie showing that the claim is untimely, Davis had the burden of demonstrating the statute of limitations has been tolled or does not apply (see CLP Leasing Co., LP v Nessen, 12 AD3d 226, 227 [1st Dept 2004]). Davis cannot rely on the continuous representation doctrine to toll the statute of limitations as the doctrine "tolls the Statute of Limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (see Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]).
The documentary evidence establishes that following decedent's death, defendant did not represent the estate in the Devine action. The retainer agreements executed with defendant after [*2]the decedent's death were explicitly limited to representing the estate in other litigation and not the Devine litigation. In addition, the evidence demonstrated that following decedent's passing defendant never entered an appearance on the estate's behalf while other law firms were substituted as counsel in the Devine action, made a motion to substitute the estate as plaintiff, and appeared on behalf of the estate, and ultimately settled with the Devine parties in May 2014 (see Matter of Merker, 18 AD3d 332, 332-333 [1st Dept 2005] [no continuous representation where plaintiff had "retained new counsel"]).
Further, the continuous representation doctrine does not apply where there is only a vague "ongoing representation" (Johnson v Proskauer Rose LLP, 129 AD3d 59, 68 [1st Dept 2015]). For the doctrine to apply, the representation must be specifically related to the subject matter underlying the malpractice claim, and there must be a mutual understanding of need for further services in connection with that same subject matter (see Shumsky, 96 NY2d at 168; see also CLP Leasing, 12 AD3d at 227).
Contrary to purported ongoing representation by decedent's family and advisors, the record evidence demonstrates the lack of a mutual understanding that defendant would continue to represent the estate in the Devine action, even if there was a continuation of a general professional relationship (see Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 99 [1st Dept 2008] ["a party cannot create the relationship based on his or her own beliefs or actions"]; Jane St. Co. v Rosenberg & Estis, 192 AD2d 451, 451 [1st Dept 1993], lv denied 82 NY2d 654 [1993] ["plaintiff's unilateral beliefs and actions do not confer upon it the status of client"]).
Defendant never appeared in the Devine action after decedent's death, and when the estate was later substituted as plaintiff, this matter was handled by different counsel. In fact, defendant filed a "Suggestion of Death Upon the Record" advising the court in the Devine action of decedent's death, in which defendant identified itself as "Former Attorneys for C. Robert Allen, III." As such, "there was no concrete task defendant[] [was] likely to perform," and "while there was certainly the possibility that the need for future legal work would be required," decedent's representatives "could not have acutely' anticipated the need for further counsel from defendant[] that would trigger the continuous representation toll" (Johnson, 129 AD3d at 68).
The fact that defendant represented the estate in related matters is not sufficient to establish continuous representation, as these matters were sufficiently distinct as to not be "part of a continuing, interconnected representation" (cf. Town of Amherst v Weiss, 120 AD3d 1550, 1552-1553 [4th Dept 2014]; Deep v Boies, 53 AD3d 948, 948-952 [3d Dept 2008]). The continuous representation doctrine is limited to ongoing representation "pertain[ing] specifically to the matter in which the attorney committed the alleged malpractice" and "is not applicable to a client's ... continuing general relationship with a lawyer" (Shumsky, 96 NY2d at 168; see also Pace, 95 AD3d at 1188). Nor is the fact that defendant represented decedent's son personally in the Devine action sufficient, as he is a separate client.
Even were it not untimely, the malpractice claim should also be dismissed because "the proximate cause of any damages sustained by plaintiff was not the alleged malpractice of defendant[], but rather the intervening and superseding failure of plaintiff's successor attorney" (Boye v Rubin & Bailin, LLP, 152 AD3d 1, 10 [1st Dept 2017]). This is the case where successor counsel had "sufficient time and opportunity to adequately protect plaintiff's rights," but failed to do so (Maksimiak v Schwartzapfel Novick Truhowsky Marcus, P.C., 82 AD3d 652, 652 [1st Dept 2011]; Somma v Dansker & Aspromonte Assoc., 44 AD3d 376, 377 [1st Dept 2007]).
The statute of limitations for a civil RICO claim is four years (Agency Holding Corp. v Malley-Duff & Assoc., Inc., 483 US 143, 156 [1987]). Davis, who now stands in decedent's shoes, is bound by decedent's judicial admissions, including admissions made in the Devine complaint that the fraud was uncovered at the end of 2007 (see New Greenwich Litig. Trustee, LLC v Citco Fund Servs. [Europe] B.V., 145 AD3d 16, 25 [1st Dept 2016], lv denied 29 NY3d 917 [2017][ admissions, including informal judicial admissions, by a "representative or predecessor in interest of a party" are binding on the party]). Since Davis is bound to the allegation that the fraud was uncovered at the end of 2007, and successor counsel appeared in the Devine action by June 2011, successor counsel had approximately six months to adequately [*3]protect decedent's rights when the limitations period for the RICO claim would run at the end of 2011.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK