Healthy Way Acupuncture, P.C., a/a/o Rafael Burgos, Plaintiff-Appellant, 
against
City of New York Office of Comptroller, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Tanya R. Kennedy, J.), entered June 30, 2014, which granted defendant's motion which was, in effect, for summary judgment dismissing the complaint as time-barred.




Per Curiam.
Order (Tanya R. Kennedy, J.), entered June 30, 2014, affirmed, with $10 costs.
Contrary to plaintiff's present contention, defendant did not waive its statute of limitations defense, asserted in its answer, by failing to make a preanswer motion to dismiss (see Rich v Lefkovits, 56 NY2d 276 [1982]). Rather, a statute of limitations defense may be asserted after joinder of issue in a motion for summary judgment pursuant to CPLR 3212 (see Rich v Lefkovits, 56 NY2d at 282). Although defendant's motion was made pursuant to CPLR 3211(a)(5), the parties charted a summary judgment course by submitting documentary evidence laying bare their proof (see Meredith v Siben & Siben, LLP, 130 AD3d 791 [2015], lv denied 26 NY3d 910 [2015]) and "clearly invited the motion court to resolve the [statute of limitations] question based on their submissions" (California Suites, Inc. v Russo Demolition Inc., 98 AD3d 144, 155-156 [2012]). Under these circumstances, notice of summary judgment treatment was not required (id. at 156; see Nowacki v Becker, 71 AD3d 1496 [2010]) and defendant's motion is properly treated as a motion for summary judgment dismissing the complaint as time-barred (see Meredith v Siben & Siben, LLP, 130 AD3d at 791).
Civil Court properly concluded that plaintiff's action was time-barred. The three year statute of limitations set forth in CPLR 214(2) applies to no-fault claims against a self-insurer (see Contact Chiropractic, P.C. v New York City Tr. Auth., ___ NY3d ___, 2018 NY Slip Op 03093 [2018]; Richard Denise M.D. P.C. v New York City Tr. Auth., 96 AD3d 561 [2012]). Defendant established its prima facie burden of demonstrating that the action was commenced more than three years after accrual, properly relying, inter alia, on plaintiff's own documents. In opposition, plaintiff failed to raise an issue of fact. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 18, 2018