Walsh v Wallace Law Off. (2022 NY Slip Op 02218)





Walsh v Wallace Law Off.


2022 NY Slip Op 02218


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Index No. 153280/20 Appeal No. 15630 Case No. 2021-00510 

[*1]Jeffrey Walsh, Plaintiff-Appellant,
v
Wallace Law Office et al., Defendants-Respondents, Leav & Steinberg, LLP, Defendant.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Winget, Spadafora & Schwartzberg, LLP, New York (Anthony D. Green of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 13, 2021, which granted the motion of defendants Wallace Law Office and Valentine Wallace (the Wallace defendants) to dismiss the complaint as against them, unanimously affirmed, without costs.
Defendants established prima facie that this legal malpractice action was time-barred, as it was commenced on May 26, 2020, more than three years from the date it accrued. The three-year statute of limitations began to run on March 16, 2017, when a consent to change attorney form was executed by plaintiff, defendant Wallace Law Office, and defendant Leav & Steinberg, LLP (L&S), the incoming counsel (CPLR 214[6]; Frost Line Refrig., Inc. v Gaswirth, Mirsky & Stein, LLP, 25 AD3d 532, 532-533 [2d Dept 2006]). The form was also notarized by a name partner of L&S. This unambiguous written document constitutes documentary evidence that the attorney-client relationship between plaintiff and the Wallace defendants ended more than three years before plaintiff commenced this action (see Seaman v Schulte Roth & Zabel LLP, 176 AD3d 538, 539 [1st Dept 2019]).
We reject plaintiff's argument that Supreme Court erred in failing to consider the doctrine of continuous representation. The complaint alleged no "clear indicia of an ongoing, continuous, developing[,] and dependent relationship between the client and the attorney" or a "mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (Matter of Merker, 18 AD3d 332, 332-333 [1st Dept 2005] [internal quotation marks omitted]). Equally unavailing is plaintiff's speculative contention that discovery is required as to the nature, if any, of the Wallace defendants' continuing involvement in plaintiff's underlying personal injury lawsuit.
In light of our determination, we need not reach plaintiff's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022