■ RONALD A. MARLETT et al., Respondents, v RICHARD A. HENNESSY, JR., et al., Appellants. [823 NYS2d 325]—

Appeals from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered September 12, 2005 in a legal malpractice action. The order denied the motion of defendants Charles M. Tebbutt, Richard J. Lippes, and Allen, Lippes & Shonn, now known as Allen & Lippes, and the cross motion of defendants Richard A. Hennessy, Jr. and Hennessy & Gorham to dismiss the complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and dismissing the complaint and cross claims against defendants Richard A. Hennessy, Jr. and Hennessy & Gorham and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action for legal malpractice in 2003 against two sets of defendants, both of which appeal from an order denying their respective motion and cross motion to dismiss the complaint and cross claims against them pursuant to CPLR 3211. We agree with defendants Richard A. Hennessy, Jr. and Hennessy & Gorham (Hennessy defendants) that Supreme Court should have granted their cross motion and dismissed the complaint and cross claims against them as untimely interposed, and we modify the order accordingly. As we held in a prior related appeal, the underlying toxic tort/personal injury claims of plaintiffs, on which defendants allegedly negligently failed to commence suit in a timely manner, were in fact time-barred as of October 1993 (*see Marlett v Petr-All Petroleum Corp.*, 295 AD2d 961 [2002], *lv denied* 98 NY2d 613 [2002]). Because the instant action was not commenced within three years of that accrual date of the instant legal malpractice claim, plaintiffs must have the benefit of the continuous representation doctrine or their legal malpractice claim is time-barred (*see* CPLR 214 [6]; *Greene v Greene*, 56 NY2d 86, 93-95 [1982]; *Amendola v Kendzia*, 17 AD3d 1105, 1108 [2005]; *Kanter v Pieri*, 11 AD3d 912 [2004]). Here, the representation of plaintiffs by the Hennessy defendants did not continue beyond February 25, 1994, the date on which plaintiffs explicitly "terminat[ed the] services" of the Hennessy defendants (*see Cerio v Koldin*, 289 AD2d 1080 [2001]; *Piliero v Adler & Stavros*, 282 AD2d 511, 512 [2001]; *Aaron v Roemer, Wallens & Mineaux*, 272 AD2d 752, 754-755 [2000], *lv dismissed* 96 NY2d 730 [2001]). Thus, application of the continuous representation doctrine does not render the action timely as against the Hennessy defendants.

In view of our determination, we do not address the remaining contentions of the Hennessy defendants. Moreover, we have considered the contentions of the remaining defendants and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.