■ JOSEPH RUPOLO, JR., et al., Respondents, v RICHARD E. FISH et al., Appellants. [928 NYS2d 596]—

In the second cause of action the plaintiffs allege that the defendants committed legal malpractice with respect to the drafting of an easement agreement benefitting certain real property located in Florida and owned by the plaintiffs. The Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss this cause of action as time-barred. The defendants demonstrated that the alleged legal malpractice occurred more than three years before the instant action was commenced on October 31, 2008 (*see* CPLR 214 [6]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1017 [2010]). Contrary to the plaintiffs' contention, they failed to raise a question of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation. Rather, the evidence demonstrated that the relationship necessary to invoke the continuous representation doctrine terminated during the summer of 2005 (*cf. Marlett v Hennessy*, 32 AD3d 1293, 1294 [2006]; *Piliero v Adler & Stavros*, 282 AD2d 511 [2001]), and the fact that the defendants received a telephone call from the plaintiffs' new counsel in November 2005, during which the defendants provided requested information to new counsel, did not toll the running of the statute of limitations until that date (*see Tal-Spons Corp. v Nurnberg*, 213 AD2d 395, 396 [1995]). Accordingly, that branch of the defendants' motion which was to dismiss the legal malpractice cause of action should have been granted (*see Williams v Lindenberg*, 24 AD3d 434, 434-435 [2005]).

However, the Supreme Court properly denied that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging fraud as duplicative of the legal malpractice cause of action. As alleged in the complaint, the fraud cause of action was based upon tortious

conduct independent of the alleged malpractice, i.e., an alleged misrepresentation as to the eligibility of the defendant Richard E. Fish to practice law in the State of Florida, and the plaintiffs alleged that damages flowed from this distinct conduct (*cf. Weiss v Manfredi*, 83 NY2d 974, 977 [1994] ["attorney's failure to disclose malpractice does not give rise to a fraud claim separate from the customary malpractice action"]; *Iannucci v Kucker & Bruh, LLP*, 42 AD3d 436 [2007]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.