(May 29, 2013)

■ Kevin Aseel, Appellant, v Jonathan E. Kroll & Associates, PLLC, et al., Respondents. [966 NYS2d 202]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered July 27, 2011, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint as alleged legal malpractice against the defendants Kroll, Moss, and Kroll LLP, Martin N. Kroll, and Jonathon E. Kroll, and (2) so much of a judgment of the same court entered August 23, 2011, as, upon the order, is in favor of those defendants and against him dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On November 8, 2010, the plaintiff commenced this action to recover damages, inter alia, for legal malpractice allegedly com-

mitted by the defendants in connection with a divorce action. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint. Among other things, the Supreme Court granted that branch of the motion which was to dismiss the action as time-barred.

The statute of limitations for legal malpractice is three years (*see* CPLR 214 [6]). The limitations period may be tolled by the continuous representation doctrine " 'where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim' " (*Zorn v Gilbert*, 8 NY3d 933, 934 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 306 [2002]). "For the doctrine to apply, there must be 'clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney' " (*Piliero v Adler & Stavros*, 282 AD2d 511, 512 [2001], quoting *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506 [1990]). "One of the predicates for the application of the doctrine is continuing trust and confidence in the relationship between the parties" (*Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d at 507; *see Coyne v Bersani*, 61 NY2d 939 [1984]; *Piliero v Adler & Stavros*, 282 AD2d at 512).

Here, contrary to the plaintiff's sole contention on the issue of timeliness, the Supreme Court did not err in concluding that the relationship necessary to invoke the continuous representation rule ceased to exist by November 5, 2007, when the plaintiff surreptitiously removed his file from the defendants' office. By so removing the file, the plaintiff evinced his lack of trust and confidence in the parties' relationship, and his intention to discharge the defendants as his attorneys (*see generally Fleyshman v Suckle & Schlesinger, PLLC*, 91 AD3d 591, 592 [2012]; *cf. Piliero v Adler & Stavros*, 282 AD2d at 512). Accordingly, because, contrary to the plaintiff's contention, the relationship necessary to invoke the continuous representation doctrine terminated more than three years prior to the commencement of this action, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint as alleged legal malpractice against the defendants Kroll, Moss and Kroll, LLP, Martin N. Kroll, and Jonathon E. Kroll (*see Fleyshman v Suckle & Schlesinger, PLLC*, 91 AD3d at 592; *Rupolo v Fish*, 87 AD3d 684 [2011]; *Piliero v Adler & Stavros*, 282 AD2d at 512).

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.