■ O.K. PETROLEUM INTERNATIONAL, LTD., et al., Appellants, v PALMIERI & CASTIGLIONE, LLP, Respondent. [25 NYS3d 271]—

In an action to recover damages for legal malpractice and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Mayer, J.), dated December 8, 2013, which denied that branch of their motion pursuant to CPLR 3126 which was to strike the defendant's answer for failure to comply with court-ordered discovery, and granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion pursuant to CPLR 3126 which was to strike the defendant's answer. The drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful or contumacious (*see Holand v Cascino*, 122 AD3d 575, 576 [2014]; *Pascarelli v City of New York*, 16 AD3d 472, 473 [2005]; *see also Palomba v Schindler El. Corp.*, 74 AD3d 1037, 1037-1038 [2010]). Here, the plaintiffs failed to make such a showing.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice as untimely (*see Farage v Ehrenberg*, 124 AD3d 159, 164 [2014]; *Aseel v Jonathan E. Kroll & Assoc., PLLC*, 106 AD3d 1037, 1038 [2013]; *Rupolo v Fish*, 87 AD3d 684, 685 [2011]; *Piliero v Adler & Stavros*, 282 AD2d 511, 512 [2001]). The defendant demonstrated that the alleged legal malpractice occurred more than three years before this action was commenced on June 11, 2012, through evidence showing that the plaintiffs had substituted counsel by June 3, 2009 (*see* CPLR 214 [6]; *Rupolo v Fish*, 87 AD3d at 685). In opposition, the plaintiffs failed to raise a triable issue of fact as to

whether the statute of limitations was tolled by the continuous representation doctrine until the formal notice of substitution was executed on June 12, 2009 (*see Farage v Ehrenberg*, 124 AD3d at 166; *Rupolo v Fish*, 87 AD3d at 685).

Moreover, the Supreme Court properly dismissed the plaintiffs' cause of action alleging unjust enrichment as duplicative of the legal malpractice cause of action (*see Blanco v Polanco*, 116 AD3d 892, 896-897 [2014]; *Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]; *see also Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813-814 [2013]; *Sitar v Sitar*, 50 AD3d 667, 670 [2008]).

Further, in view of the fact that the plaintiffs had personal knowledge of the relevant facts, their purported need to conduct additional discovery did not warrant denial of the defendant's motion (*see Lampkin v Chan*, 68 AD3d 727, 727-728 [2009]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *Lambert v Bracco*, 18 AD3d 619, 620 [2005]).

The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of our determination. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.