Fraumeni v Law Firm of Jonathan D'Agostino, P.C. (2023 NY Slip Op 01984)

Fraumeni v Law Firm of Jonathan D'Agostino, P.C.

2023 NY Slip Op 01984

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-03104
 (Index No. 151606/19)

[*1]Georgia Fraumeni, appellant, 
v
Law Firm of Jonathan D'Agostino, P.C., et al., respondents.

Alan H. Figman, PLLC, New York, NY, for appellant.
Sullivan & Klein, LLP, New York, NY (Robert M. Sullivan and Frederick M. Klein of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), entered February 21, 2020. The judgment, upon an order of the same court dated February 19, 2020, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, dismissed the complaint.
ORDERED that the judgment is affirmed, with costs.
On July 3, 2019, the plaintiff commenced this action against the defendants, the Law Firm of Jonathan D'Agostino, P.C. (hereinafter the law firm), Jonathan D'Agostino, Edward J. Pavia, Glen Devora, and Frank J. DiBari, to recover damages for legal malpractice and violation of Judiciary Law § 487. The plaintiff alleged, inter alia, that the defendants committed legal malpractice in their representation of her in two personal injury actions (hereinafter the underlying actions) by suing the wrong parties, leading to the dismissal of the underlying actions, and that as a result of the defendants' failure to ascertain the proper parties to sue, any new action was time-barred since the statute of limitations had expired. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, asserting, inter alia, that the action was time-barred. The defendants contended that the action was commenced after the expiration of the applicable three-year statute of limitations, which began to run on May 4, 2016, when the plaintiff demanded, and received, her legal file from them. The plaintiff opposed on the ground that the action was timely commenced pursuant to the continuous representation doctrine, since the statute of limitations only began to run on July 15, 2016, when the Supreme Court granted the law firm's motion to withdraw as counsel in the underlying actions. In an order dated February 19, 2020, the Supreme Court granted the defendants' motion, and, by a judgment entered February 21, 2020, dismissed the complaint as time-barred. The plaintiff appeals. We affirm.
"'In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable'" (Joseph v Fensterman, 204 AD3d 766, 769, quoting Schrull v Weis, [*2]166 AD3d 829, 831; see Stein Indust., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789).
The statute of limitations for a cause of action alleging legal malpractice, and a cause of action alleging a violation of Judiciary Law § 487 arising out of the same transactions as the legal malpractice cause of action, is three years (see CPLR 214[6]; Farage v Ehrenberg, 124 AD3d 159). "'However, causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies'" (Keshner v Hein Waters & Klein, 185 AD3d 808, 808, quoting Farage v Ehrenberg, 124 AD3d at 164 [alterations and internal quotation marks omitted]). "For the doctrine to apply, there must be clear indicia of 'an ongoing, continuous, developing, and dependent relationship between the client and the attorney'" (Farage v Ehrenberg, 124 AD3d at 164, quoting Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d 1037, 1038; see Joseph v Fensterman, 204 AD3d at 770). "The essence of a continuous representation toll is the client's confidence in the attorney's ability and good faith, such that the client cannot be expected to question and assess the techniques employed or the manner in which the services are rendered" (Farage v Ehrenberg, 124 AD3d at 167). Therefore, "[o]ne of the predicates for the application of the doctrine is continuing trust and confidence in the relationship between the parties" (id. [internal quotation marks omitted]). "'What constitutes a loss of client confidence is fact specific, varying from case to case, but may be demonstrated by relevant documentary evidence involving the parties, or by the client's actions'" (Tantleff v Kestenbaum & Mark, 131 AD3d 955, 957, quoting Farage v Ehrenberg, 124 AD3d at 168).
Here, the defendants established, prima facie, that the plaintiff's legal malpractice and Judiciary Law § 487 causes of action were time-barred, as they accrued when the underlying actions were commenced in 2013 and 2015 (see Sclafani v Kahn, 169 AD3d 846, 849; Farage v Ehrenberg, 124 AD3d at 167-168). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a question of fact as to whether the continuous representation doctrine tolled the applicable statute of limitations. Contrary to the plaintiff's contention, the record supports the Supreme Court's determination that the relationship necessary to invoke the continuous representation doctrine ceased to exist on May 4, 2016, when the plaintiff demanded and received her file from the defendants' office, thereby indicating her lack of trust and confidence in the parties' relationship and her intention to discharge the defendants as her attorneys (see Aseel v Jonathan E Kroll & Assoc., PLLC, 106 AD3d at 1038). Moreover, numerous documented communications between the parties submitted by the plaintiff in opposition demonstrated that she lost all trust and confidence in the defendants, such that the attorney-client relationship ceased more than three years before the plaintiff commenced this action (see Sclafani v Kahn, 169 AD3d at 849; Farage v Ehrenberg, 124 AD3d at 160-161).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred.
The parties' remaining contentions need not be addressed in light of our determination.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court