**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0326-22

JZS MADISON, LLC,

     Plaintiff-Appellant,

v.

KRAMER LEVIN NAFTALIS &
FRANKEL, LLP and JAY
NEVELOFF,

     Defendant-Respondents.

_____

Argued April 9, 2024 – Decided September 9, 2024

Before Judges Sumners, Smith and O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6272-19.

Bruce H. Nagel argued the cause for appellant (Nagel Rice, LLP, attorneys; Bruce H. Nagel and Robert H. Solomon, of counsel on the briefs).

Anthony J. Sylvester argued the cause for respondents (Sherman Atlas Sylvester and Stamelman, LLP, attorneys; Anthony J. Sylvester and Anthony C. Valenziano, of counsel and on the brief).

PER CURIAM

Plaintiff JZS Madison, LLC (JZS), a real estate development company, appeals the Law Division's June 10, 2022 order dismissing their professional malpractice complaint against defendants, its former law firm Kramer Levin Naftalis & Frankel, LLP (Kramer Levin) and Jay Neveloff, a partner at the firm. The court determined a conflict existed between New York's three-year statute of limitations and New Jersey's six-year statute of limitations. After applying choice of law principles, the trial court found that New York's statute of limitations applied and dismissed JZS's claim. We affirm for the following reasons.

I.

JZS is a limited liability company incorporated in New York in August 2010 to acquire and develop real property in New York City. JZS has two members: MAD74, a Delaware business; and D3N7, a New York business. JZS's principal and manager is Daniel Straus, who owns numerous other companies, including MAD74. JZS has a principal place of business in Fort Lee, New Jersey.

A-0326-22

Kramer Levin is a New York law firm based in New York City. Jay[1], a New York resident and member of the New York bar, was a partner at Kramer Levin. Jay had been Straus' family attorney for many years and represented him and his companies in other real estate development projects.

In 2011, JZS hired David Neveloff, Jay's son to work on one of JZS's New York real estate projects. JZS and David executed an employment agreement at that time which paid David a salary plus a success-based incentive package.

On September 9, 2013, JZS and David signed another agreement which memorialized a change in the scope of the project. Each agreement included a choice of law clause stating that the agreement would be governed by New Jersey law.

JZS fired David in June 2018. Shortly afterwards, David sued JZS and Straus, alleging he was owed more incentive pay under the terms of the employment agreement. Kramer Levin then ceased representation of JZS. JZS asserts that it learned defendants were representing David in regard to the 2011 and 2013 employment agreements while simultaneously representing JZS through the filing of David's suit.

---

[1] We use his first name because he has the same last name as his son, David.

A-0326-22

JZS sued Kramer Levin and Jay Neveloff.  The complaint included claims for:  breach of fiduciary duty; professional negligence; forfeiture and recoupment; breach of contract; breach of the implied covenant of good faith and fair dealing; unjust enrichment; and declaratory judgment.  Defendants moved to dismiss with prejudice pursuant to Rule 4:6-2(e).  The court denied defendants' motion, ordering limited discovery on the choice of law question.

Following discovery, defendants again moved to dismiss, arguing that discovery supported use of New York's statute of limitations which barred JZS's claim.  This time the court granted defendants' motion and dismissed JZS' claim with prejudice.  The court found a conflict of law existed as to whether to apply New York's three-year statute of limitations or New Jersey's six-year statute of limitations.  It applied the test set forth in McCarrell v. Hoffman-LaRouche, Inc.,[2] and found that New York's three-year statute of limitations applied, determining that New Jersey does not have a substantial interest in maintaining the lawsuit.

JZS moved for reconsideration on September 9, 2022, which the court denied.  JZS appeals the June 10 and September 9 orders, arguing the trial court erred by finding New Jersey does not have a substantial interest in the

[2] 227 N.J. 569, 584 (2017)

litigation and that New York's continuous representation doctrine is inapplicable.

## II.

When a trial court dismisses a complaint for failure to state a claim, we apply a de novo standard when reviewing the order. <u>MTK Food Servs., Inc. v. Sirius Am. Ins. Co.</u>, 455 N.J. Super. 307, 311 (App. Div. 2018) (citing <u>State ex rel. Campagna v. Post Integrations, Inc.</u>, 451 N.J. Super. 276, 279 (App. Div. 2017)). Our framework for deciding choice-of-law issues is set forth in <u>McCarrell v. Hoffmann-La Roche, Inc.</u>, 227 N.J. 569, 583 (2017). This analysis is purely a question of law, and we accord no deference to the trial court's conclusions in such matters. <u>MTK Food Servs.</u>, 455 N.J. Super. at 312.

## III.

### A.

We first consider JZS's argument that New Jersey's statute of limitations should apply. JZS argues New Jersey has a substantial interest in this case because JZS's principal place of business is located in New Jersey. JZS also argues that even if the principal place argument is not dispositive, New Jersey's substantial interest is established by other facts uncovered in targeted discovery. We are not persuaded.

5

"When a civil action is brought in New Jersey, our courts apply New Jersey's choice-of-law rules in deciding whether this State's or another state's statute of limitations governs the matter." McCarrell, 227 N.J. at 583. "The first inquiry in any choice-of-law analysis is whether the laws of the states with interests in the litigation are in conflict." Id. at 584. "[W]hen a complaint is timely filed within one state's statute of limitations but is filed outside another state's, then a true conflict is present." Ibid.

In McCarrell, our Supreme Court held "section 142 of the Second Restatement is now the operative choice-of-law rule for resolving statute-of-limitations conflicts because it will channel judicial discretion and lead to more predictable and uniform results that are consistent with the just expectations of the parties." Id. at 574. Section 142 provides:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (2) The forum will apply its own statute of limitations permitting the claim unless:
>
> (a) maintenance of the claim would serve no substantial interest of the forum; and
>
> (b) the claim would be barred under the statute of limitations of a state having a more

A-0326-22

significant relationship to the parties and the occurrence.

[Restatement (Second) of Conflict of L. § 142 (Am. L. Inst. Supp. 1989).]

"Under section 142(2)(a), the statute of limitations of the forum state generally applies whenever that state has a substantial interest in the maintenance of the claim." McCarrell, 227 N.J. at 593. If the forum state has a substantial interest, "the inquiry ends for statute-of-limitations purposes." Ibid. "Only when the forum state has 'no substantial interest' in the maintenance of the claim does a court consider section 142(2)(b)—whether 'the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.'" Ibid. (quoting Restatement (Second) of Conflicts of L. § 142(2)(a)-(b)).

In McCarrell, the plaintiff, an Alabama resident, brought a products-liability action against a pharmaceutical manufacturer within New Jersey's statute of limitations but after Alabama's statute of limitations had expired. Id. at 573-74. The Court, applying section 142, held New Jersey's statute of limitations applied because "New Jersey has a substantial interest in deterring its manufacturers from developing, making, and distributing unsafe products. . . ." Id. at 597. Because the Court found that New Jersey had a substantial

7

interest, it did not need to address whether Alabama had a more significant interest than New Jersey.  Id. at 598.

In Fairfax Financial Holdings Ltd. v. S.A.C. Capital Management, L.L.C., we applied section 142 when Canadian and New Jersey plaintiffs brought a private racketeering suit against a group of defendants mostly located in New York.  450 N.J. Super. 1, 16-17 (App. Div. 2017).  We held "[t]here is no doubt that New Jersey has a substantial interest in this litigation.  One of the plaintiffs . . . has its principal place of business in New Jersey and claims injuries to its business. . . ."  Id. at 61.

We also applied section 142 in MTK Food Services, 455 N.J. Super. 307 (App. Div. 2018).  In MTK Food Services, the plaintiff sued their former law firm alleging malpractice in litigating an insurance claim for fire damage to plaintiff's restaurant.  Id. at 309.  Plaintiff brought their claim outside of Pennsylvania's two-year statute of limitations, but within New Jersey's six-year statute of limitations.  Ibid.  We held Pennsylvania law applied because the fact that defendant attorney was licensed in New Jersey and worked out of a New Jersey office was "[t]he only pertinent connection to New Jersey" and "falls short of establishing a substantial interest for New Jersey to apply its statute of limitations here."  Id. at 314.  Meanwhile, "[a]ll other relevant facts

point[ed] to Pennsylvania: the fire and resulting loss occurred in Pennsylvania; plaintiff [was] incorporated in Pennsylvania; [the defendant attorney was chosen] because he [was] licensed in Pennsylvania; and [the defendant attorney] filed the underlying complaint in Pennsylvania." Ibid.

We begin our analysis with the threshold question: Is there a conflict between New Jersey law and New York law? We conclude there is. Plaintiff's suit, filed September 2018, alleges malpractice that occurred between 2011 and 2013. To file a malpractice action, New Jersey employs a six-year time limit, N.J.S.A. 2A:14-1, while New York employs a three-year limit, N.Y. C.P.L.R. 214(6). Because a conflict exists, McCarrell directs us to apply section 142 of the Restatement (Second) of Conflicts of Law to determine the governing law. Applying the restatement, New Jersey's statute of limitations will govern unless "maintenance of the claim would serve no substantial interest of" New Jersey. Restatement (Second) of Conflicts of L. § 142(2)(a). We turn to that question.

We cannot conclude that any interest New Jersey has in this case is "substantial." Merely having a principal place of business in the state is not sufficient to establish a substantial interest, as nearly all the relevant facts point toward New York. JZS is a New York business, defendants are a New

York law firm and a New York attorney, and the operative facts are centered in New York. While plaintiff does have a principal place of business in New Jersey and Daniel Straus, JZS's principal and manager and a New Jersey resident, could be financially harmed, these limited connections do not create a substantial interest for New Jersey. The record shows: JZS has no certificate of authority to do business in New Jersey; JZS neither owns nor leases any New Jersey real estate[3], and hence pays no property taxes or rents in New Jersey; Tax documents produced in discovery show JZS was formed to own properties in New York; and JZS's registered office and registered agent are located in New York. Finally, JZS's partnership tax returns, filed annually, state that the company is comprised exclusively of "[n]on-resident [p]artners without [p]hysical [n]exus to New Jersey and no percentage of its business is allocated to operations in New Jersey and it does not do business or employ capital in New Jersey and derives no income from New Jersey sources." We therefore conclude plaintiff has not demonstrated that New Jersey has a substantial interest in the subject litigation, hence New York's three-year statute of limitations must apply.

---

[3] We note the record also shows JZS does not own or lease its Fort Lee, New Jersey-based principal place of business.

A-0326-22

JZS contends our decision in <u>Fairfax Financial Holdings Ltd.</u> constrains us to find a substantial interest whenever a plaintiff maintains a principal place of business in the State and claims injuries to its business here. We decline to use the substantial interest analysis as a bright line rule, and we conclude instead that it is a fact sensitive one. In comparing the facts before us to those in <u>Fairfax</u>, we find <u>Fairfax</u> distinguishable. In <u>Fairfax</u>, one of the plaintiffs was a New Jersey corporation headquartered in Morristown that, unlike JZS, actively did business, employed people, and earned income in New Jersey. 450 N.J. Super. at 66.

B.

We next consider whether New York's continuous representation doctrine applies. The doctrine of continuous representation allows "causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations" to be considered timely. <u>Fraumeni v. L. Firm of Jonathan D'Agostino, P.C.</u>, 187 N.Y.S.3d 99, 101 (N.Y. App. Div. 2023) (quoting <u>Keshner v. Hein Waters & Klein,</u> 125 N.Y.S.3d 582, 582 (N.Y. App. Div. 2020)). "[T]he rule of continuous representation tolls the running of the Statute of Limitations on the malpractice claim until the ongoing representation is completed." <u>Keshner</u>, 125 N.Y.S.3d at 582 (quoting <u>Glamm</u>

11

v. Allen, 439 N.E.2d 390 (N.Y. 1982)).  "The two prerequisites for continuous representation tolling are a claim of misconduct concerning the manner in which professional services were performed, and the ongoing provision of professional services with respect to the contested matter or transaction."  Id. at 583 (quoting In re Lawrence, 23 N.E.3d 965, 982 (N.Y. 2014)).

Here, we conclude the doctrine of continuous representation does not apply to plaintiff's claim.  JZS's claim arises specifically from its negotiation of David's employment agreements in 2011 and 2013.  Defendants' continuous representation of JZS in real estate projects do not constitute "ongoing . . . professional services with respect to the contested matter or transaction."  Id. at 583 (quoting In re Lawrence, 23 N.E.3d at 982) (emphasis added).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0326-22