Dellwood Dev., Ltd. v Coffinas Law Firm, PLLC (2024 NY Slip Op 06184)

Dellwood Dev., Ltd. v Coffinas Law Firm, PLLC

2024 NY Slip Op 06184

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-06267
 (Index No. 504415/19)

[*1]Dellwood Development, Ltd., et al., appellants- respondents, 
v
Coffinas Law Firm, PLLC, et al., respondents-appellants, et al., defendant.

Cole Schotz P.C., New York, NY (Nolan E. Shanahan of counsel), for appellants-respondents.
Furman Kornfeld & Brennan LLP, New York, NY (A. Michael Furman, Spencer A. Richards, and Victoria A. Yachkouri of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, and the defendants Coffinas Law Firm, PLLC, and George Coffinas cross-appeal, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 5, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants Coffinas Law Firm, PLLC, and George Coffinas which were pursuant to CPLR 3211(a) to dismiss the first, second, third, and fifth causes of action insofar as asserted against them. The order, insofar as cross-appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the seventh cause of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Coffinas Law Firm, PLLC, and George Coffinas which were pursuant to CPLR 3211(a) to dismiss the first, second, third, and fifth causes of action insofar as asserted against them are denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action against the defendants Coffinas Law Firm, PLLC, and George Coffinas (hereinafter together the defendants), and another defendant, inter alia, to recover damages for legal malpractice arising out of the defendants' representation of the plaintiffs in connection with the purchase of the plaintiff Dellwood Development, Ltd. (hereinafter Dellwood), by the plaintiff Demetrios Delengos and the litigation that resulted from that purchase. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated July 5, 2022, the Supreme Court, among other things, granted those branches of the motion which were to dismiss the first, second, third, and fifth causes of action insofar as asserted against the defendants as time-barred. The court denied that branch of the motion which was to dismiss the seventh cause of action insofar as asserted against the defendants. The plaintiffs appeal, and the defendants cross-appeal.
"In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d 803, 804 [internal quotation marks omitted]).
The statute of limitations for a cause of action alleging legal malpractice is three years (see CPLR 214[6]). "However, causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies" (Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d at 804 [internal quotation marks omitted]). "For the continuous representation doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" (Potenza v Giaimo, 165 AD3d 1186, 1187 [internal quotation marks omitted]). "[A] person [is not] expected to jeopardize his [or her] pending case or his [or her] relationship with the attorney handling that case during the period that the attorney continues to represent the person. Since it is impossible to envision a situation where commencing a malpractice suit would not affect the professional relationship, the rule of continuous representation tolls the running of the Statute of Limitations on the malpractice claim until the ongoing representation is completed" (Shumsky v Eisenstein, 96 NY2d 164, 167-168 [internal quotation marks omitted]).
Here, the Supreme Court erred in directing dismissal of the first, second, third, and fifth causes of action insofar as asserted against the defendants as time-barred. The defendants established, prima facie, that these causes of action alleging legal malpractice were time-barred, as they accrued more than three years before the plaintiffs commenced this action (see CPLR 214[6]). However, in opposition, the plaintiffs raised questions of fact as to whether the continuous representation doctrine tolled the applicable statute of limitations. In the complaint, the plaintiffs alleged, in effect, that the defendants' initial malpractice occurred during their representation of the plaintiffs during Delengos's purchase of Dellwood, that the defendants continued to represent the plaintiffs in the subsequent actions spurred by the purchase agreement and the initial malpractice, and that the defendants were also negligent in defending the plaintiffs in those subsequent actions. The record demonstrates that the defendants' representation of the plaintiffs in the actions related to the purchase agreement did not end until, at the earliest, April 2017, when the defendants filed a notice of appeal on behalf of Dellwood in one of those actions. Therefore, there are questions of fact as to whether the defendants' representation of the plaintiffs until April 2017 was an ongoing, continuous, developing, and dependent relationship between the clients and the attorney, such that the plaintiffs could not be expected to commence an action to recover damages for legal malpractice against the defendants with respect to the purchase agreement and subsequent litigation while the defendants continued to defend them in pending litigation (see Tulino v Hiller, P.C., 202 AD3d 1132, 1135; Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 790).
Contrary to the defendants' contention, the Supreme Court properly declined to direct dismissal of the seventh cause of action insofar as asserted against them based upon documentary evidence. "A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law" (Maursky v Latham, 219 AD3d 473, 475 [internal quotation marks omitted]). The excerpts of trial testimony from prior actions submitted in support of the defendants' motion did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Bulbin v O'Carroll, 173 AD3d 825, 826; Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776), and the other evidence that the defendants submitted failed to utterly refute the plaintiffs' factual allegations and conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
The defendants' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court