Wells Fargo Bank, N.A. v Leopold & Assoc., PLLC (2025 NY Slip Op 03220)

Wells Fargo Bank, N.A. v Leopold & Assoc., PLLC

2025 NY Slip Op 03220

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-07059
 (Index No. 57736/22)

[*1]Wells Fargo Bank, National Association, etc., appellant,
v
Leopold & Associates, PLLC, respondent.

Houser LLP, New York, NY (Kathleen M. Massimo of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), respondent pro se.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated August 2, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
On March 15, 2022, the plaintiff commenced this action against the defendant to recover damages for legal malpractice. The defendant represented the plaintiff in an action to foreclose a residential mortgage (hereinafter the underlying action) in which the complaint insofar as asserted against one of the borrowers was dismissed for lack of personal jurisdiction (see Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012). According to the plaintiff, the defendant's negligent failure to comply with the terms of an order in the underlying action resulted in the dismissal. In this action, the defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order dated August 2, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Cruz v Guaba, 226 AD3d 964, 965 [internal quotation marks omitted]). "If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Webster v Sherman, 165 AD3d 738, 741 [internal quotation marks omitted]).
The statute of limitations for a cause of action alleging legal malpractice is three years (see CPLR 214[6]; Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d 803, 804; Farage v Ehrenberg, 124 AD3d 159, 163). "However, causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies" (Keshner v Hein Waters & Klein, 185 AD3d 808, 808 [alteration and internal [*2]quotation marks omitted]). Moreover, in response to the COVID-19 pandemic, then Governor Andrew Cuomo issued executive orders establishing a toll "of the filing deadlines applicable to litigation in New York courts," which was in effect "between March 20, 2020, and November 3, 2020" (Baker v 40 Wall St. Holdings Corp., 226 AD3d 637, 638 [internal quotation marks omitted]; see 9 NYCRR 8.202.8, 8.202.67; Brash v Richards, 195 AD3d 582, 582). As a practical matter, the toll served to extend the statute of limitations period for causes of action that accrued prior to the tolling period, and which would have expired within that period, by 228 days from the original deadline (see Baker v 40 Wall St. Holdings Corp., 226 AD3d at 638; cf. Cruz v Guaba, 226 AD3d at 965). Here, the parties agree that both the tolling provisions of the COVID-19 executive orders and the continuous representation doctrine apply. Their dispute as to the timeliness of the legal malpractice cause of action focuses on when the defendant's continuous representation of the plaintiff ended.
"For the [continuous representation] doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney" (Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d at 804 [internal quotation marks omitted]; see Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d 1037, 1038). "The essence of a continuous representation toll is the client's confidence in the attorney's ability and good faith, such that the client cannot be expected to question and assess the techniques employed or the manner in which the services are rendered" (Farage v Ehrenberg, 124 AD3d at 167). Therefore, "[o]ne of the predicates for the application of the doctrine is continuing trust and confidence in the relationship between the parties" (Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d at 1038 [internal quotation marks omitted]). "'What constitutes a loss of client confidence is fact specific, varying from case to case, but may be demonstrated by relevant documentary evidence involving the parties, or by the client's actions'" (Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d at 805 [internal quotation marks omitted], quoting Tantleff v Kestenbaum & Mark, 131 AD3d 955, 957).
Here, the defendant established, prima facie, that the legal malpractice cause of action was time-barred (see id.; Rupolo v Fish, 87 AD3d 684, 685). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a question of fact as to whether the continuous representation doctrine tolled the applicable statute of limitations period for enough time to render the legal malpractice cause of action timely. Contrary to the plaintiff's contention, the record does not demonstrate that the relationship necessary to invoke the doctrine ended in December 2018 due to certain communications with and actions by the defendant that occurred after its discharge as counsel in the underlying action (see Farage v Ehrenberg, 124 AD3d at 167; Rupolo v Fish, 87 AD3d at 685; Tal-Spons Corp. v Nurnberg, 213 AD2d 395, 396). Nor does the record support the plaintiff's alternative contention that the relationship ended on August 1, 2018, when it executed a consent to change attorney form (see Farage v Ehrenberg, 124 AD3d at 167-168). Instead, under the circumstances presented, the Supreme Court correctly concluded that the relationship ceased to exist on June 27, 2018. On that date, senior counsel for the plaintiff's loan servicer emailed the defendant's managing attorney to express the plaintiff's desire to substitute new counsel in the defendant's place on more than 130 matters, including the underlying action, and requested that the defendant coordinate the transfer of the files to new counsel, "thereby indicating [the plaintiff's] lack of trust and confidence in the parties' relationship and [its] intention to discharge the defendant[ ] as [its] attorney[ ]" (Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d at 805; see Farage v Ehrenberg, 124 AD3d at 167-168; Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d at 1038).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court